IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              OPINION AND ORDER

         Plaintiff,

                              08-cv-363-bbc
                              05-cr-147-jcs

   v.

MICHAEL LePAGE,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Michael LePage has filed a motion for post conviction relief under 28 U.S.C. § 2255. In Judge Shabaz's absence from the court for medical reasons, I am handling the motions that would otherwise be assigned to him, including this one.

Defendant was charged in a one-count indictment with knowing possession of a firearm gun after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He filed a motion to suppress the firearm, which had been discovered in a duffel bag that defendant was carrying when the police arrived in response to a telephone call from a citizen. When the motion was denied, defendant entered a guilty plea, reserving his right to appeal the denial of the suppression motion. He appealed both the motion and his sentence but

1

lost on appeal and his petition for a writ of certiorari to the United States Supreme Court was denied.

In support of his post conviction motion, defendant raises a number of allegedly illegal actions by counsel or the court: (1) he was denied the effective assistance of counsel when his attorney failed to challenge the constitutionality of the crime charged against him; (2) his attorney failed to challenge the interstate nexus of § 922(g)(1); (3) his attorney failed to object to the district court's jurisdiction to impose a sentence after consulting the advisory guidelines; (4) his attorney was ineffective for failing to challenge the district court's jurisdiction under 18 U.S.C. § 3231; (5) his conviction and sentence are invalid as a matter of law because the government failed to prove that at the time he possessed the firearm he knew he was a prohibited person; (6) his conviction and sentence were obtained illegally on the basis of evidence seized in violation of the Fourth and Fifth Amendments; and (7) his guilty plea was involuntary and unintelligent because his counsel was ineffective. From my review of the record, defendant's motion and the government's response, I conclude that defendant's motion must be denied.

Defendant's motion appears to be timely. According to his motion, the United States Supreme Court denied his petition for a writ of certiorari on June 18, 2007 and he deposited his motion in the prison mailing system on June 13, 2008.

Defendant's motion rests in large part on his contention that the Second Amendment

2

to the United States Constitution does not permit any prohibition on the possession of firearms by convicted felons. His motion was filed before the Supreme Court decided District of Columbia v. Heller, 128 S. Ct. 2783 (2008); he relies upon the opinion of the Court of Appeals for the District of Columbia in the same case, which was known as Parker v. District of Columbia, 478 F.3d 370 (D.C. Cir. 2007), when it was before the court of appeals.

Defendant's first argument fails resoundingly. His trial counsel did raise his challenge to the constitutionality of § 922(g)(1) in the trial court, although in doing so, he acknowledged that the court of appeals had never adopted the position he was advocating. However, it does appear that defendant did not raise the issue on direct appeal, although he had an opportunity to do so. "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Defendant tries to get around this bar by arguing that he had "cause," in the form of an allegedly ineffective attorney.

It is not ineffective for a lawyer to refrain from arguing an issue that has no legal basis. Defendant cites no opinion from any court that holds that Congress cannot

3

constitutionally prohibit the possession of firearms by convicted felons.  Heller did not change the law in that respect.  It held only that the District of Columbia cannot constitutionally ban handgun possession in the home for use in self-defense by persons not otherwise prohibited from gun possession.  The Court did not address the right of the states to impose restriction on handgun possession and it said explicitly in Heller that its opinion was not intended to suggest that *all* gun laws and firearms restrictions are unconstitutional. Id., at 2816-17 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ).

Defendant argues next that it was ineffective assistance for his counsel not to challenge the interstate nexus of § 922(g)(1).  His theory is that once a firearm has traveled in interstate commerce and has come to roost in the home of a private citizen who has a Second Amendment right to possess a firearm for lawful purposes, the firearm is removed from the channels of interstate commerce and can no longer be regulated by Congress.  I need not decide the correctness of this argument because the factual predicate is missing. Defendant does not have a right under the Second Amendment to possess a firearm; he is a convicted felon.

If defendant is arguing that the government failed to prove the interstate nexus to support federal jurisdiction, that argument must fail because he pleaded guilty, thereby relieving the government of the obligation it would have had at trial to prove this element.

4

Defendant's third argument is that his counsel was ineffective in not challenging the district court's jurisdiction to impose a sentence after consulting the advisory guidelines. Defendant's view on this is that the court's authority to sentence him derived from 18 U.S.C. § 3553(b)(1), which required mandatory guideline sentences. Once that authority was struck down in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the courts had no authority to impose a sentence other than under the sentencing procedures in place before 1984, that is, statutory penalties with parole eligibility dates. His argument is interesting but without any legal foundation. Under <u>Booker</u>, the courts have authority to use the sentencing guidelines for advisory purposes when imposing sentences. Defendant's counsel had no reason to raise a challenge of this kind. Doing so would have been a waste of resources—his own and the court's.

Defendant's fourth argument is as unavailing as his previous three. He contends that the court lacked jurisdiction to sentence him because the only possible source for such jurisdiction is 18 U.S.C. § 3231 and § 3231 was never validly enacted. The argument in support of this theory has been thoroughly debunked. <u>E.g.</u>, <u>United States v. Felipe</u>, 2007 WL 2007804 (E.D. Pa. July 30, 2007); <u>United States v. Martinez</u>, 2006 WL 1293261 (S.D. Tex. May 6, 2006); <u>Lister v. United States</u>, 2006 WL 2751324 (S. D. Tex., Dec. 20, 2006). It rests upon the assumption that the bill that eventually became Public Law No. 80-772 and then § 3231 never passed both houses of Congress. Instead, the argument goes, it passed

5

the House but did not pass the Senate before adjournment. When the Senate did pass it in the next session, it was not valid because it had not been passed again by the House. In fact, the Senate did pass the bill in the same session as the House signed it, removing any question of legality about the legislation.

As with defendant's third argument that the government failed to prove an interstate nexus to his gun, defendant's fifth argument fails because defendant waived it when he entered his guilty plea. Once defendant admitted in court during the guilty plea proceeding that the government could prove all of the elements of the crime charged against him, it was unnecessary for the government to come forward with evidence in support of those elements. To the extent that this argument encompasses a second argument, that the government did not prove that he had not had his civil rights restored for each of his felony convictions, it was his burden to establish the restoration of his civil rights, not the government's obligation to prove that they had not been restored. United States v. Vitrano, 405 F.3d 506, 509 (7th Cir. 2005) (once government has established prior felony convictions, it becomes defendant's burden to show that any or all of those prior convictions can be used against him).

Defendant's sixth challenge is based on his belief that his conviction and sentence were obtained illegally on the basis of evidence seized in violation of the Fourth and Fifth Amendments. Defendant raised this issue in the trial court and again on appeal. He is

6

bound by the court of appeals' adverse decision on the issue, even if the court did not consider the particular ground for illegality that he asserts in this motion. He had a full opportunity for appeal; any challenge he failed to include on direct appeal is waived and cannot be raised on this motion for post conviction relief unless he can show both cause and prejudice for the omission. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007) (§ 2255 is not intended to be either substitute for direct appeal or opportunity to reargue matters decided on direct appeal; "law of the case" doctrine prevents reargument).

Finally, defendant makes a clean-all argument that his guilty plea was involuntary and unintelligent because his counsel was ineffective. This claim fails because defendant has not shown any ground for finding that his counsel's representation of him fell below the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). In addition, the transcript of the plea hearing before Judge Shabaz shows that defendant assured the judge, under oath, that he was entering a plea knowingly and voluntarily and that no one had made any promises to him other than those incorporated in the written plea agreement he signed. Trans. of plea hrg., dkt. #47, at 5-7, 15-1 8. Defendant cannot overcome his statements to the court in the formal plea hearing with mere allegations about what his counsel told him. United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over his later claims [that he would not have pleaded guilty.]").("'[the record

7

of a Rule 11 proceeding is entitled to a "presumption of verity" . . . and the answers therein are binding.'" (quoting United States v. Winston, 34 F.3d 574, 578 (7th Cir. 1994)). See also United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.").

ORDER

IT IS ORDERED that defendant Michael LePage's motion for post conviction relief brought under 28 U.S.C. § 2255 is DENIED.

Entered this 26th day of August, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge