IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                           ORDER

        Plaintiff,

                           08-cv-363-bbc
                           05-cr-147-jcs

   v.

MICHAEL LePAGE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Michael LePage has filed a notice of appeal from the court's August 26, 2008 order and judgment denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255. Although defendant has not asked this court to issue a certificate of appealability, such a certificate is required if he is to take an appeal from the denial of his § 2255 motion, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, it is necessary to decide whether a certificate of appealability should issue. In addition, defendant has not paid the $455 filing fee which makes it necessary to decide whether he is entitled to proceed on appeal in forma pauperis.

      According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-

1

appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). Defendant contends that his conviction and sentence are illegal on several grounds: (1) he was denied the effective assistance of counsel when his attorney failed to challenge the constitutionality of the crime charged

2

against him; (2) his attorney failed to challenge the interstate nexus of § 922(g)(1); (3) his attorney failed to object to the district court's jurisdiction to impose a sentence after consulting the advisory guidelines; (4) his attorney was ineffective for failing to challenge the district court's jurisdiction under 18 U.S.C. § 3231; (5) his conviction and sentence are invalid as a matter of law because the government failed to prove that at the time he possessed the firearm he knew he was a prohibited person; (6) his conviction and sentence were obtained illegally on the basis of evidence seized in violation of the Fourth and Fifth Amendments; and (7) his guilty plea was involuntary and unintelligent because his counsel was ineffective. In deciding the motion, I found that petitioner had failed to support these allegations with evidence showing his entitlement to relief. Although I believe that it was proper to deny defendant's § 2255 motion, I cannot say that a reasonable judge would not make a different decision. Therefore, I will issue a certificate of appealability.

ORDER

IT IS ORDERED that defendant Michael LePage's request for leave to proceed in forma

pauperis on appeal and his request for a certificate of appealability are GRANTED.

Entered this 24th day of September, 2008.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge